IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| AMBER TINSLEY,<br><br>           Plaintiff,<br><br>vs.<br><br>FAIRWAY COLLECTIONS, LLC,<br><br>           Defendant. | NO.<br><br>**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.** |

COMES NOW Plaintiff, Amber Tinsley, by and through counsel, who alleges:

### I.    PARTIES AND JURISDICTION

1. Plaintiff Amber Tinsley is an individual who resides in Washington State.

2. Defendant Fairway Collections, LLC ("Fairway"), a Washington Limited Liability Company, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff. Fairway's registered agent is Stephanie Lyon, 1616 S. Gold St. #5, Centralia, WA 98531-8930.

3. Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and venue is appropriate in King County, Washington.

Complaint - 1

## II. **FACTS**

4. In the late summer of 2017, Plaintiff Amber Tinsley was notified by Boeing Employees' Credit Union ("BECU") of a series of purchases that were attempted on her account using stolen checks. She asked BECU to close the account, and BECU noted that the checks were stolen.

5. Ms. Tinsley thought nothing further of the incident, as the transactions were not honored, all fees were refunded, and the account was closed. However, in December 2020, she was served with a debt-collection lawsuit by Fairway (Defendant herein).

6. The collection complaint claimed that Ms. Tinsley owed $237.99 for a dishonored check written on September 13, 2017, two months after the account had been closed. Evidently, someone had taken the stolen check and used it to pay for a purchase at Sunbird Shopping Center, but of course the check was not honored. A copy of the Collection Lawsuit is attached as **Exhibit A**.

7. Sunbird Shopping Center referred the collection of the $237.99 to Defendant Fairway collections, who now seeks an additional $84.27 in interest, $40.00 in collection costs under RCW 62A.3-530, a handling fee of $40.00 under RCW 62A.3-530, $300.00 in treble damages, $100.00 for service of process, and $83.00 in filing fees.

8. In total, Fairway seeks $885.26 from Ms. Tinsley for a purchase made with a stolen check, that she did not write, on an account that had been closed for two months.[1]

9. Obviously, Ms. Tinsley cannot be held financially liable for what appears to be a

---

[1] Bizarrely, whoever used Ms. Tinsley's checks added a hand-written address above the actual address printed on the check. Between this strange action and an obligatory identification check (which likely never occurred), the transaction should never should have been finalized. The hand-written address on the check also should have given Fairway pause before bringing this suit.

crime committed by a third party, so she reached out to an attorney (other than undersigned counsel) for assistance.

10. Shortly after the lawsuit was served, Ms. Tinsley's then-attorney contacted Fairway and related the obvious: Ms. Tinsley is not liable for a stolen check written on a closed account. Ms. Tinsley's attorney provided written documentation demonstrating, among other things, the account history, including the fraudulent activity and closure that preceded the events alleged in the collection lawsuit.

11. Undeterred by Ms. Tinsley's reasoned efforts to clear up what appeared, at first, to be a misunderstanding, Fairway responded by stating that it would set a hearing in its collection case, unless Ms. Tinsley wanted to "set up arrangements" to pay.

12. This now requires Ms. Tinsley to defend herself in an ultimately futile lawsuit, which was a completely avoidable consequence caused by Fairway's actions.

13. As a result of Defendant's actions detailed above, Ms. Tinsley has incurred expenses in seeking and retaining counsel in connection with ascertaining her legal rights and responsibilities, and has suffered financial uncertainty, unease, and distress caused by Defendant's tactics and communications, which are false, misleading, improper, and/or confusing.

### III.   CAUSES OF ACTION

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

14. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

15. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

16.     For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

**Count 1 (and all subcounts)**

17.     A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2).

18.     Defendant made false, deceptive, and misleading representations when they took the following actions:

   a. Initiated a lawsuit against Ms. Tinsely for a debt that she does not owe and maintained a lawsuit despite receiving information that demonstrated she did not owe money;

   b. Represented that Ms. Tinsley owes interest on a debt that she does not owe;

   c. Represented that Fairway is entitled to treble damages when no money is owed;

   d. Represented that Fairway is entitled to statutory costs when Ms. Tinsley does not owe a debt;

   e. Represented that Fairway can recoup costs for filing a lawsuit when there is no debt to support such a lawsuit.

   f. Maintained the lawsuit for principal, interest, fees, and costs when it was obvious no debt was owed.

19.     Therefore, Defendant violated 15 U.S.C. § 1692e and/or § 1692e(2).

**Count 2 (and all subcounts)**

20.     A debt collector may not use unfair or unconscionable means to collect or attempt

Complaint - 4

to collect any debt. 15 U.S.C. § 1692f.

21. Plaintiff realleges paragraph 18, *supra.*

22. For the above-stated reasons, Defendant therefore violated 15 U.S.C. § 1692f on multiple occasions.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS

23. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[2] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

24. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

25. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 3

26. A collection agency may not collect or attempt to collect any sum other than principal, allowable interest, collection costs or handling fees expressly authorized by statute, and in the case of suit attorney's fees and taxable court costs. RCW 19.16.250(21).

27. Here, Defendant collected and attempted to collect money that was not owed at all.

28. Additionally, Defendant attempted to assess interest, treble damages, collection costs, and legal costs when Ms. Tinsley obviously does not owe money.

---

[2] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA...").

Complaint - 5

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

29. Defendant therefore violated RCW 19.16.250(21).

### Count 4 – Injunctive Relief

30. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

31. Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

32. Specifically, Plaintiff seeks an injunction prohibiting Defendant from bringing lawsuits against individuals based on dishonored checks when such checks are stolen and the account is closed.

33. Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

34. Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

35. Injunctive relief should therefore issue as described herein.

### IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. For Judgment against Defendant for actual damages.

2. For statutory damages of $1,000.00 for FDCPA violations, per Defendant.

3. For statutory damages of $2,000.00 per violation for Washington Collection Agency Act and Consumer Protection Act violations, per Defendant.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

Complaint - 6


5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3) and other applicable law.

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 2nd day of February 2021.

ANDERSON SANTIAGO, PLLC

By:_____
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 7

# EXHIBIT A

Electronically Filed
11/20/2020 9:03:15 AM
20CIV15629KCX
King County District Court

IN THE SOUTH DIVISION BURIEN DISTRICT COURT OF KING COUNTY
IN THE STATE OF WASHINGTON

| | |
|---|---|
| FAIRWAY COLLECTIONS, LLC<br>Plaintiff,<br>vs.<br>DALE, AMBER E. AKA TINSLEY, AMBER DALE, JOHN DOE; H&W<br>Defendants | ) Case No.:<br>)<br>) Complaint<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff alleges as follows:

1.  Account stated below is assigned to Plaintiff for collection.

2.  Plaintiff is a Washington limited liability company in good standing and is duly licensed and has satisfied the bonding requirement of the State of Washington.

3.  Defendants are subject to the jurisdiction of this court, and venue is proper.

4.  During all material times the Defendants named above were and are married and the obligation hereafter pleaded is community and separate obligation of each.

5.  Defendants became indebted to SUNBIRD SHOPPING CENTER for certain goods, services or other obligations in default, which the assignor is duly licensed to render, for the principal assigned of $237.99 plus pre-judgment interest of $84.27, late fee of $0.00, collection costs per RCW 62A.3-530 (Dishonored Checks) of $40.00, handling fee of $40.00 in accordance with RCW 62A.3-530, and treble damages of $300.00, minus

Complaint -
A782409

Page 1 of 2

Jeffrey G. Yonek
Attorney at Law
1616 South Gold Street Suite 5
Centralia, WA 98531
(360) 330-5887

1 payments of $0.00; leaving a principal balance of $237.99, pre-judgment interest balance
2 of $84.27, late fee balance of $0.00, and collection costs per RCW 62A.3-530
3 (Dishonored Checks) of $40.00, handling fee of $40.00 in accordance with RCW 62A.3-
4 530, and treble damages of $300.00, which has been demanded without avail. Date of
5 Last Charge: 09-13-17 Date of Last Payment:

## PRAYER FOR RELIEF

7 WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them,
8 separately for principal assigned $237.99, plus interest computed at the legal rate and currently
9 estimated at $84.27, plus future interest computed at the legal rate per annum until satisfied, plus late
10 fees of $0.00, and for statutory court costs: filing fee $83.00; estimated process service fee of
11 $100.00; for collection costs per RCW 62A.3-530 (Dishonored Checks) $40.00; handling fees of
12 $40.00 in accordance with RCW 62A.3-530; treble damages of $300.00; minus payments of $0.00;
13 and for statutory and/or reasonable attorney fees **to be determined**; and court costs including
14 applicable ex parte fees as the court deems appropriate.

15 FURTHER, Plaintiff prays for award of all costs if the Defendants tender full or partial payment
16 of amounts sued for.

17 FURTHER, Plaintiff prays for any other equitable and further relief that the court deems
18 appropriate.

19                                          Dated: November 13, 2020

21 Fairway Collections, LLC
   1616 S. Gold St. Suite 5
22 Centralia, WA 98531                       Jeffrey G. Yonek WSBA #17762
   (360) 330-5887                            Attorney for Plaintiff
23 (800) 404-5887                             1616 S. Gold St. Suite 5
                                             Centralia, WA 98531
24                                           (360) 330-5887

25

Complaint -                  Page 2 of 2
A782409

Jeffrey G. Yonek
Attorney at Law
1616 South Gold Street Suite 5
Centralia, WA 98531
(360) 330-5887