THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMBER TINSLEY,<br><br>                Plaintiff,<br><br>    v.<br><br>FAIRWAY COLLECTIONS LLC,<br><br>                Defendant. | CASE NO. C21-0260-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Fairway Collections LLC's motion to dismiss (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.     **BACKGROUND**

In 2017, Boeing Employees Credit Union ("BECU") notified Plaintiff Amber Tinsley that someone used stolen checks to attempt to make several purchases on her account. (Dkt. No. 1-2 at 2.) BECU did not honor the transactions, refunded all fees, and, at Ms. Tinsley's request, closed the account. (*Id*.) In December 2020, Ms. Tinsley was served with a debt collection lawsuit filed by Fairway Collections LLC. (*Id*. at 9–10.) The complaint alleged that Ms. Tinsley owed Sunbird Shopping Center $237.99 for a dishonored check that was written on September 13, 2017, which was after BECU closed her account. (*Id*. at 2.) Fairway sought $885.26 from

Ms. Tinsley, which consisted of the $237.99 in principal, $84.27 in interest, $40.00 in collection costs, a handling fee of $40.00, $300.00 in treble damages, $100.00 for service of process, and $83.00 in filing fees. (*Id.* at 2, 9–10.)

Ms. Tinsley sought the advice of an attorney after being served with the lawsuit. (*Id*. at 3.) Ms. Tinsley's attorney contacted Fairway to explain that the check was stolen and the account was closed at the time of the transaction. (*Id*.) The attorney also provided Fairway with written documentation of the account history, the fraudulent activity, and the account closure. (*Id*.) After receiving this information, Fairway continued to demand payment and stated that it would continue with the lawsuit if Ms. Tinsley refused to pay. (*Id*.)

Ms. Tinsley brought the instant lawsuit on March 3, 2021, alleging that Fairway's actions violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and are *per se* violations of Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.020, because they violate Washington's Collection Agency Act ("CAA"), Wash. Rev. Code § 19.16.250. (Dkt. No. 1-2.) Fairway moves to dismiss all of Ms. Tinsley's claims. (Dkt. No. 5.)

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III.    DISCUSSION

### A.  FDCPA Claims

The FDCPA "prohibits 'debt collectors' from making false or misleading representations

and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To plead an FDCPA claim, Ms. Tinsley must allege that Fairway is a debt collector under 15 U.S.C. § 1692a(6) and that Fairway violated one of the FDCPA's substantive provisions. 15 U.S.C. § 1692k(a); *see also Stimpson v Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1195 (9th Cir. 2019). Ms. Tinsley alleges that Fairway is a debt collector and that it violated the FDCPA by making "false, deceptive, or misleading representation[s]," 15 U.S.C. § 1692e, and using "unfair or unconscionable means to collect or attempt to collect [a] debt," 15 U.S.C. § 1692f. Specifically, Ms. Tinsley alleges that Fairway made false representations in its complaint regarding "the character, amount, or legal status" of the debt because it alleged that Ms. Tinsley owed the debt as well as interest and fees associated with the debt when, in fact, she did not. (*See* Dkt. No. 1-2 at 4 (quoting 15 U.S.C. § 1692e(2)).) Fairway moves to dismiss, arguing that Ms. Tinsley's claims fail as a matter of law. (Dkt. No. 5.)

    1.   Counts 1 and 2: 15 U.S.C. § 1692e and 15 U.S.C. § 1692f

To successfully plead a claim under 1692e and 1692f, Ms. Tinsley must allege that Fairway made false, deceptive, or misleading representations in violation of Section 1692e, and used unfair or unconscionable means to collect the debt in violation of Section 1692f. Ms. Tinsley has satisfied these requirements. Taking Ms. Tinsley's allegations as true, Fairway's debt collection complaint stated that she owed $885.26 when she did not. (Dkt. No. 1-2 at 2.) Accordingly, Fairway made false representations as to the "character, amount, or legal status of a debt" and Plaintiff has stated a claim under 1692e(2). Additionally, attempting to collect a debt that is not actually owed is an unfair or unconscionable means to attempt to collect a debt under Section 1692f. *Dawson v. Genesis Credit Mgmt.*, 2017 WL 5668073, slip op. at 3 (W.D. Wash. 2017).

Fairway argues that Ms. Tinsley fails to state a claim because she does not allege that Fairway filed the debt collection lawsuit in bad faith and its communications with Ms. Tinsley's attorney did not violate the FDCPA as a matter of law because communications between a debt

collector and a consumer's attorney are not actionable under the FDCPA. (Dkt. Nos. 5 at 3–4, 7 at 2–3.)

Fairway is correct that communications directed only to a debtor's attorney are not actionable under Section 1692e or Section 1692f. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). But Ms. Tinsley's claims are not based on communications between Fairway and her attorney, they are based on Fairway filing and serving the lawsuit. When a debt collector serves a complaint on a debtor personally, false or misleading representations in the complaint are actionable under the FDCPA. *Donohue v. Quick Collect, Inc*. 592 F.3d 1027, 1032 (9th Cir. 2010). Ms. Tinsley alleges that Fairway served her personally with the complaint, which contained misrepresentations and false statements about the amount owed. (Dkt. No. 1-2 at 2.) Accordingly, Fairway may be liable under the FDCPA for those statements.

Fairway next argues that a collection agency that has a good faith basis for filing a lawsuit does not violate the FDCPA. (Dkt. No. 5 at 3–4.) But the FDCPA is, for the most part, a strict liability statute, and debt collectors are generally liable for violations even if they are not knowing or intentional. *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175–77 (9th Cir. 2006). As Plaintiff correctly points out, there is an exception for bona fide errors when the debt collector maintains procedures reasonably adapted to avoid those errors, but that exception is an affirmative defense on which the debt collector bears the burden of proof. 15 U.S.C. § 1692k(c); *see Clark*, 460 F.3d at 1176–77. The Court may not dismiss a complaint based on an affirmative defense at the motion to dismiss stage unless the face of the complaint establishes the defense. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Ms. Tinsley's complaint does not allege that Fairway maintained procedures reasonably adapted to avoid the type of error that occurred here. Therefore, Ms. Tinsley's complaint does not establish the bona fide error defense, and whether Fairway's allegedly false statements were made in good faith is not relevant to the Court's analysis of the sufficiency of Ms. Tinsley's complaint.

Moreover, the cases Fairway cites do not hold that a plaintiff must allege that a debt collection lawsuit was filed in bad faith to state a FDCPA claim based on false statements in the complaint. In *Heintz v. Jenkins*, the Supreme Court observed in dicta that "the fact that a lawsuit turns out ultimately to be unsuccessful [likely does not], by itself, make the bringing of it an 'action that cannot legally be taken'" within the meaning of 15 U.S.C. § 1692e(5). 514 U.S. at 296. The Court did not hold that lawsuits filed in good faith are categorically exempt from the FDCPA. Similarly, the Court of Appeals cases Fairway cites are distinguishable. In all of those cases, the plaintiff did not dispute that he or she owed the debt but instead alleged that the defendant did not have adequate documentation or evidence at the time of filing the debt collection lawsuit. In other words, unlike Ms. Tinsley, those plaintiffs did not allege that the allegations in the complaint were false. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006) (holding plaintiff failed to state an FDCPA claim when she alleged that defendant filed a collection lawsuit without the immediate means of proving the debt but did not claim that defendant made misrepresentations about the amount or existence of the debt); *see also Eades v. Kennedy, PC Law Offices,* 799 F.3d 161, 172 (2d Cir. 2015) (the allegation that a debt collector filed a debt collection lawsuit without sufficient evidence does not state an FDCPA claim absent allegations that the debt collector's claim was baseless or frivolous, or that the firm lacked good faith); *Hill v. Accts. Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018) (holding that defendant's inadequate documentation was not a materially false misrepresentation and dismissing plaintiff's claims because plaintiff did not deny he owed the debt or that it was assigned to defendant). The circumstances in this case are easily distinguishable from those cited by Fairway because Ms. Tinsley alleges that she did not owe the debt and therefore that the allegations in the complaint were false, not just that Fairway was unable to readily prove its allegations at the time the suit was filed.

For the foregoing reasons, the Court DENIES Fairway's motion to dismiss Ms. Tinsley's Section 1692e and Section 1692f claims.

B. **Consumer Protection Act Claims**

Ms. Tinsley alleges that Fairway violated the CPA when it violated the CAA, Rev. Code Wash. § 19.16.250. (Dkt. No. 1-2.) Fairway argues that the Court should dismiss this claim because the damages Ms. Tinsley seeks are not cognizable under the CPA and she does not allege causation or plead a violation of the CAA. (Dkt. No. 5 at 5–6.)

"[T]o prevail in a private CPA action . . . a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Fairway argues that Ms. Tinsley's allegations do not satisfy the first, second, fourth, or fifth elements. (Dkt. No. 5 at 5–6.)

The Court can quickly dispense with Fairway's argument that its debt collection lawsuit against Ms. Tinsley did not cause her any injury cognizable under the CPA. Ms. Tinsley alleges that because of the debt collection lawsuit, she "incurred expenses in seeking and retaining counsel in connection with ascertaining her legal rights and responsibilities." (Dkt. No. 1-2 at 3.) "Consulting an attorney to dispel uncertainty regarding the nature of an alleged debt" is a cognizable injury under the CPA. *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 902 (Wash. 2009). Therefore, Ms. Tinsley's allegations satisfy the causation and injury elements.

Because Ms. Tinsley asserts a per se CPA claim, whether Ms. Tinsley's complaint satisfies the first and second elements depends on whether she pled violations of the CAA. Whenever the legislature declares the violation of a statute to be an unfair trade practice, the violation of that statute automatically satisfies the first two elements of a CPA claim. *Hangman Ridge*, 719 P.2d at 535–36. The legislature has declared the violation of the CAA to be an "unfair act[] . . . in the conduct of trade or commerce." Wash. Rev. Code § 19.16.440. Therefore, whether Ms. Tinsley's CPA claims survive depends on whether the conduct she alleges Fairway engaged in violates the CAA.

Ms. Tinsley alleges that Fairway violated the CAA when it attempted to collect a debt that Ms. Tinsley did not owe, in violation of section 19.16.250(21). (Dkt. No. 1-2 at 5.) This prohibition applies to "licensee[s] or employee[s] of a licensee." Wash. Rev. Code § 19.16.250. A "licensee" is "any person licensed under" the CAA. Wash. Rev. Code § 19.16.100(10). Ms. Tinsley alleges that Fairway "is a debt collector and collection agency doing business in Washington." (Dkt. No. 1-2 at 1.) Although Ms. Tinsley does not expressly allege that Fairway is licensed *under the CAA*, the Court reasonably infers that it is, since the CAA is the statute under which collection agencies are generally licensed. *See* Wash. Rev. Code § 19.16.110. Therefore, Section 21 applies to Fairway, and the Court must determine whether the conduct Ms. Tinsley alleges violated it.

Section 21 prohibits a licensee from "attempt[ing] to collect . . . any sum other than [principal], allowable interest, collection costs or handling fees . . . attorney's fees and taxable court costs." Wash. Rev. Code § 19.16.250(21). A collection agency that attempts to collect amounts not actually owed, therefore, violates Section 21. *See Dawson*, 2017 WL 5668073, slip op. at 4. Ms. Tinsley alleges that Fairway attempted to collect $885.26 from her that she did not owe. (Dkt. No. 1-2 at 2.) Therefore, Ms. Tinsley states a CPA claim for a violation of Section 21.

1. Injunctive Relief

In "Count 4" of her complaint, Ms. Tinsley requests that the Court "enjoin Defendant from collecting debts in the manner described above." (Dkt. No. 1-2 at 6.) Fairway argues in its reply brief that Ms. Tinsley lacks Article III standing to seek an injunction because Fairway dismissed the debt collection lawsuit against her and urges the Court to dismiss this "Count" because, among other reasons, an injunction would make it more difficult for Fairway to collect the debt from the person who actually wrote the check. (Dkt. No. 7 at 7–8.) The Court will not address Fairway's public policy arguments because "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). However, "because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or

waived." *United States v. Cotton*, 535 U.S. 625, 625 (2002). Therefore, the Court will address Fairway's standing argument.

A party challenging subject-matter jurisdiction may do so via a facial attack or a factual attack. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). When a party brings a facial attack, the Court accepts the allegations in the relevant pleading as true and determines whether it has subject-matter jurisdiction based on the face of the document. *Id.* at 1121. "A 'factual' attack, by contrast, contests the truth of the . . . factual allegations, usually by introducing evidence outside the pleadings." *Id.* Fairway's challenge is a factual attack since it is based on extrinsic evidence outside the complaint: Fairway's alleged dismissal of the underlying debt collection suit. Ordinarily, the Court would need to examine evidence (rather than just Fairway's assertion) to determine whether Fairway's factual attack should succeed. Here, however, Ms. Tinsley fails to meet the threshold requirement of alleging facts demonstrating that she has standing to seek an injunction.[1] Therefore, the Court need not address Fairway's factual attack at this time.

To demonstrate standing to seek an injunction based "on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Ms. Tinsley does not allege any facts showing "that [she] is realistically threatened by a repetition" of Fairway's allegedly wrongful conduct. *Lyons*, 461 U.S. at 109. Although Ms. Tinsley alleges that "[i]njunctive relief is necessary to prevent further injury to Plaintiff," such a conclusory allegation does not suffice. *See Iqbal*, 556 U.S. at 678. Therefore, the Court STRIKES Ms. Tinsley's request for injunctive relief.

2. Civil Penalties

Fairway argues that the Court should strike Ms. Tinsley's request for civil penalties under

---

[1] Although Fairway did not make this specific argument, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

ORDER
C21-0260-JCC
PAGE - 8

the CPA because civil penalties are not available to private litigants under the CPA and CAA. (Dkt. No. 7 at 5.) Fairway is correct. *Stigall v. Courtesy Chevrolet-Pontiac, Inc.*, 551 P.2d 763, 764–65 (Wash. Ct. App. 1976). Therefore, the Court STRIKES Ms. Tinsley's request for civil penalties under the CPA.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Fairway's motion to dismiss. (Dkt. No. 5.) The Court STRIKES Ms. Tinsley's request for civil penalties with prejudice and for injunctive relief without prejudice. Ms. Tinsley may amend the complaint to address the deficiencies with her request for injunctive relief within 14 days of the date of this order.

DATED this 29th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE